## THE STATE *against* J. PARKER.

### ON INDICTMENT.

Court of Quarter Sessions may grant a new trial upon the merits.

*J. Parker* was indicted for having a counterfeit note in his possession, with intent to pass; and, upon his trial before the Quarter Sessions of the county of Monmouth, the jury found him guilty.

The defendant's counsel moved for a new trial, upon the ground that the prosecutor for the state did not prove that Parker knew the note to be counterfeit, and the Court of Quarter Sessions granted a rule for a new trial upon that ground.

*Wall*, the deputy attorney-general, now moved the Supreme Court for a rule to shew cause why a *mandamus* should not issue to the Quarter Sessions of Monmouth, commanding them to render judgment on the verdict of the jury, and forbidding them to proceed on the rule for a new trial, and contended that the Court of Quarter Sessions erred in granting the rule for a new trial; because, being a court of inferior jurisdiction, they had no right to grant a new trial on the *merits*, and cited in support of his position, 1 *Chit. Crim. Law* 373, 654; 13 *East* 416, *note;* 1 *John.* 179; 2 *Caines in Er.* 319, *opinion of Justice Kent;* 4 *Black. Com.* 271-2; *Pat. N. J. Laws* 130, sec. 2; *Stat. Edward III.; Stat. at Large* 1537; *Leam. & Spi.* 233. (*See Appendix B,* the part of *Leam. & Spi.* here cited.)

*Scott* and *Wood*, contra, contended, that the Court of Quarter Sessions, in this state, had the right of granting new trials upon the merits, and that they had exercised, in a variety of instances, particularly in the case of John Armstrong, who was indicted in the county of Somerset; that

the principle had been recognized in the case of the *State* v. *Aaron*, 1 *South*. 231, where the Court of Oyer and Terminer granted a new trial; and that the reasonings of the gentleman equally applied to this court as to the Court of Quarter Sessions, for it came within his definition of a court of inferior jurisdiction, and if one possessed the right of granting new trials the other had it also. The same argument might, also, be applied to the District Court of the United States, which constantly exercised the right of granting new trials.

*Per curiam.* It has been so long the practice of the Courts of Common Pleas and Quarter Sessions to grant new trials, that it is deemed inexpedient at this time to deny their right so to do, even if it might have been questionable at first.

Rule for a *mandamus* refused.